IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Action No. **1:13-cv-02170-REB-KLM**

Karin Bugatti Fausett and Eddie Fausett,
Plaintiff(s),

v.

Osteotech, Inc.
Defendant(s).

---

## STIPULATION AND PROTECTIVE ORDER

---

IT IS HEREBY STIPULATED AND AGREED by and between Karin Bugatti Fausett and Eddie Fausett ("Plaintiffs") and Medtronic, Inc. ("Medtronic") (collectively, the "Parties"), through their undersigned counsel, as follows:

1.     All materials and copies, transcriptions, or other reproductions of materials produced in this action pursuant to the discovery provisions of the Federal Rules of Civil Procedure, or by order of this Court or otherwise ("Materials"), and which contain, describe, identify or refer to information of a confidential or proprietary nature, shall be stamped "CONFIDENTIAL" by the producing party and shall be subject to the provisions of this Stipulation and Protective Order.

"Confidential Materials" are those Materials that the producing party or protected person reasonably believes not to be in the public domain, and reasonably believes contain either (a) trade secret or other proprietary strategic, research, development, or

- 1 -

commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), that, if disclosed, would materially affect the party's or protected person's business, commercial, or financial interests; or (b) medically private information and/or personal identifying information protected from public disclosure by law or regulation.

2.    Counsel for a party to this action may challenge the "CONFIDENTIAL" designation of any Confidential Materials so designated.  Challenges must follow the Practice Standards applicable to discovery disputes and D.C.COLO.LCivR 7.1(A).  The party seeking to maintain the "CONFIDENTIAL" designation will bear the burden of proof.  The challenged Materials shall continue to be treated as Confidential Materials subject to this Stipulation and Protective Order while the challenge is pending.

3.    Confidential Materials shall be used for purposes of this action only and for no other action or purpose whatsoever, and shall not be disclosed to any person or entity other than the Parties, their counsel (including counsel's support staff), the Court, and the Parties' expert witnesses as provided in Paragraph 4 below.

4.    Disclosure of Confidential Materials to a consulting or testifying expert witness shall not constitute a violation of this Stipulation and Protective Order, provided that the expert first execute an Affidavit in the form attached hereto as Exhibit A before receiving any Confidential Materials.   A copy of each executed Affidavit shall be maintained by counsel for the party that retained the expert.

5.    If counsel intends to identify, discuss, or disclose any Confidential Materials in a deposition of any person or entity other than the Parties or their expert witnesses (assuming compliance with Paragraph 4), counsel shall first notify the deponent that the Materials and their contents are confidential, and the deponent shall

affirm on the record that he or she agrees to abide by the terms of this Stipulation and Protective Order.

6. Within a reasonable time after a deposition in which Confidential Materials were identified, discussed, or disclosed, counsel for the producing party shall designate, by page and line where possible, all portions of the transcript that the producing party deems confidential. These portions shall be treated as Confidential Materials under this Stipulation and Protective Order.

7. If counsel intends to file Confidential Materials with the Clerk of this Court, or to identify, discuss, or disclose Confidential Materials in a written motion or other filing, he or she must provide sufficient notice to the producing party to enable the producing party to bring a motion to restrict public access pursuant to D.C.COLO.LCivR 7.2. Likewise, if counsel intends to identify, disclose, or discuss Confidential Materials in a hearing before the Court, he or she must provide sufficient notice to the producing party so that the producing party may bring a motion to restrict public access.

8. This Stipulation and Protective Order shall bind the Parties up to and through settlement or final adjudication of this action (including appeals or petitions for extraordinary writs, if any).

9. Within thirty days after settlement or final adjudication of this action, and upon written request from the producing party, persons then having possession, custody, or control of Confidential Materials shall return all such materials to the producing party, or shall verify the complete destruction of the materials by executing and mailing to counsel for the producing party an Affidavit in the form attached hereto as Exhibit B.

10.    Nothing in this Stipulation and Protective Order shall be construed to preclude the producing party from seeking additional protection for Confidential Materials or from seeking to modify this Stipulation and Protective Order.

11.    Nothing in this Stipulation and Protective Order shall be construed to prevent the Court from disclosing any facts it relied upon in making or rendering any finding, ruling, order, judgment, or decree of whatever description.


Dated:  January 23, 2014                  **DEBRA P. DEREE**


                                          By:  s/ Debra P. DeRee
                                               Debra P. DeRee

                                          825 North Circle Drive, Suite 207
                                          Colorado Springs, CO  80909
                                          (719) 439-3041

                                          **ATTORNEY FOR PLAINTIFFS**


Dated:  January 23, 2014                  **BLACKWELL BURKE P.A.**

                                          By:  s/ Charmaine K. Harris
                                               Jerry W. Blackwell
                                               Peter J. Goss
                                               Charmaine K. Harris

                                          431 South Seventh Street, Suite 2500
                                          Minneapolis, MN  55415
                                          (612) 343-3200

                                          **ATTORNEYS FOR DEFENDANT
                                          MEDTRONIC, INC.**

**ORDER**

It is so ORDERED.

Dated: _January 27_, 2014          BY THE COURT:

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**EXHIBIT A**

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Action No. **1:13-cv-02170-REB-KLM**

Karin Bugatti Fausett and Eddie Fausett,
Plaintiff(s),

v.

Osteotech, Inc.
Defendant(s).

---

**AFFIDAVIT OF** _____

---

STATE OF _____ )
                         ) ss:
COUNTY OF _____ )

    1.    My name is _____. I am over the age of 18 years and am a *resident* of _____ County, _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

    2.    I am aware that a Stipulation and Protective Order has been entered in the case styled *Karin Bugatti Fausett and Eddie Fausett v. Osteotech, Inc.*, Civil Action No.: 1:13-cv-02170. A copy of that Stipulation and Protective Order has been shown to me, and I have read and understand its contents.

3.      By signing this Affidavit, I promise that my use of any and all Confidential Materials provided to me will be solely for the purpose of assisting counsel for a party to the above-described civil action and for no other purpose.

4.      By signing this Affidavit, I also promise that I will not communicate, disclose, discuss, identify or otherwise use Confidential Materials with, to, or for any person or entity other than the Court, the Parties, and their counsel.

5.      By signing this Affidavit, I also promise that I will not copy, transcribe, or otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any means whatsoever, any Confidential Materials except to the extent to which I am directed to do so by counsel for a party to the above-described civil action, in which case all such copies, transcriptions, or reproductions shall be made solely for my own use in connection with my work in the above matter. I further promise at the conclusion of this case to deliver all Confidential Materials (originals and copies) to the counsel who originally directed that The Materials be provided to me.

6.      I understand that, by signing this agreement, I am agreeing to subject myself to the jurisdiction of this Court.

7.      I understand that any use or distribution of Confidential Materials in any manner contrary to the provisions of the Stipulation and Protective Order may cause me to be held in contempt of Court.

THIS ENDS MY AFFIDAVIT.

_____

Signature of Affiant

Subscribed and sworn to before me,
this _____ day of _____, 20___.

_____

Notary Public

**EXHIBIT B**

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Action No. **1:13-cv-02170-REB-KLM**

Karin Bugatti Fausett and Eddie Fausett,
Plaintiff(s),

v.

Osteotech, Inc.
Defendant(s).

---

**AFFIDAVIT OF _____**

---

STATE OF _____  )
               ) ss:
COUNTY OF _____  )

    1.    My name is _____. I am over the age of 18 years and am a resident of _____ County, _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

    2.    I have requested and received from _____ all Confidential Materials in [his/her/their] possession from the case styled *Karin Bugatti Fausett and Eddie Fausett v. Osteotech, Inc.*, Civil Action No.: 1:13-cv-02170.

3.    I have destroyed all Confidential Materials in my possession, custody, or control, including all Confidential Materials described in Paragraph 2.


THIS ENDS MY AFFIDAVIT.

_____
Signature of Affiant


Subscribed and sworn to before me,
this _____ day of _____, 20____.


_____
Notary Public