**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:13-cv-02170-REB-KLM

KARIN BUGATTI FAUSETT and
EDDIE FAUSETT,

    Plaintiffs,

v.

OSTEOTECH, INC.,

    Defendant.

---

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**

---

**Blackburn, J.**

    The matter before me is the **Motion for Judgment on the Pleadings** [#17][1] filed November 22, 2013. The plaintiff filed a response [#22] and the defendant filed a reply [#24]. I deny the motion.[2]

    The defendant seeks entry of judgment in its favor under FED. R. CIV. P. 12(c). A motion for judgment on the pleadings is evaluated under the same standard as a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6). ***Jacobsen v. Deseret Book Co.***, 287 F.3d 936, 941 n. 2 (10th Cir. 2002).

    When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] I have subject matter jurisdiction over this matter under 28 U.S.C. § 1332 (diversity of citizenship).

the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[3] Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 127 S.Ct. at 1965) (internal quotation marks omitted).

---

[3] ***Twombly*** rejected and supplanted the "no set of facts" language of ***Conley v. Gibson***, 355 U.S. 41, 45-46 (1957). The Tenth Circuit has clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974; internal citations and footnote omitted).

Considering the allegations in the complaint [#7] in light of these apposite standards of review, and being apprised of the legal arguments raised by and authorities cited in the motion, response, and reply, I find that the complaint adequately sets forth facts sufficient to state claims for relief that are plausible on their face. Accordingly, the motion for judgment on the pleadings [#17] is denied.

**THEREFORE, IT IS ORDERED** that the **Motion for Judgment on the Pleadings** [#17] filed November 22, 2013, is **DENIED**.

Dated September 10, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge